**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ABRAHAM LEZCAS-FERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   16-73664 <br><br> Agency No. A200-902-240 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Edgar Abraham Lezcas-Fernandez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law.  *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). We deny the petition for review.

The agency did not err in concluding that *Matter of Leal*, 26 I. & N. Dec. 20 (BIA 2012), which held that a conviction for felony endangerment under Arizona Revised Statutes § 13-1201 is categorically a crime involving moral turpitude, applies retroactively.  *See Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1276-79 (9th Cir. 2018) (concluding that *Matter of Leal* did not represent a change in the law and therefore applies retroactively).

Petitioner's challenge to the constitutionality of 8 U.S.C. § 1227(a)(2)(A)(ii) is likewise foreclosed.  *See Olivas-Motta*, 910 F.3d at 1281 (rejecting argument that 8 U.S.C. § 1227(a)(2)(A)(ii), as interpreted by the BIA in *Matter of Leal*, is unconstitutionally vague).

Petitioner also contends that this court's decision in *Leal v. Holder*, 771 F.3d 1140 (9th Cir. 2014) was incorrectly decided, but the panel lacks authority to overrule that decision.  *See De Mercado v. Mukasey*, 566 F.3d 810, 816 (9th Cir. 2008) (a three-judge panel lacks authority to overrule prior precedent).

**PETITION FOR REVIEW DENIED.**